Anna **KOWALESKI**, widow of Peter Kowaleski, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR**, Respondent.

No. 88–3657.

United States Court of Appeals, Third Circuit.

Argued April 11, 1989.

Decided July 17, 1989.

Rehearing and Rehearing In Banc Denied Aug. 15, 1989.

James Lesho (argued), Wilkes–Barre, Pa., for petitioner.

---

Jerry G. Thorn, Acting Solicitor of Labor Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney (argued), Counsel for Appellate Litigation, U.S. Dept. of Labor Washington, D.C., for respondent.

Before HIGGINBOTHAM, STAPLETON, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal strikingly illustrates the necessity for lawyers to be familiar with applicable legal procedural rules and to comply with them. Counsel for petitioner presented a petition for review to this court in the name of Anna Kowaleski, as widow of the original claimant, Peter Kowaleski, challenging the Benefits Review Board's denial of black lung benefits under 20 C.F.R. § 727.203 (1988). We have subsequently raised, *sua sponte*, the threshold issue of whether we have jurisdiction over the appeal. Because the real party in interest has not appealed, we conclude that we do not have jurisdiction and must dismiss this case with prejudice.

## I.

This appeal presents us with a bizarre and somewhat incomprehensible procedural history, primarily because of the lack of assiduousness of counsel for the petitioner. On March 6, 1978, Peter Kowaleski, a miner for twelve years, filed a claim with the Department of Labor seeking black lung benefits available under 20 C.F.R. § 727.203. In his initial application, Peter Kowaleski listed his wife, Anna Kowaleski, as his sole dependent. Anna Kowaleski subsequently died on June 10, 1979, while her husband's claim was still pending administratively.

After an administrative denial of benefits in 1983, Peter Kowaleski was granted a formal hearing on May 9, 1984, the contested issues being length of employment, causal relation, and total disability.

Kowaleski died on March 1, 1985, prior to the formal hearing and his son, Charles Kowaleski, was appointed as executor of the estate (executor). The executor authorized James T. Lesho, Kowaleski's counsel for the black lung claim, to continue representation in behalf of the estate. Although Lesho failed to formally substitute the executor on the record as the claimant, the administrative law judge (ALJ) noted at the hearing that Kowaleski had died and that the claim would be pursued in behalf of the estate.

On December 11, 1986, the ALJ filed his decision and entered an order denying the "claim of Peter Kowaleski." The caption of the order inexplicably listed as claimant, "Anna Kowaleski, widow of Peter Kowaleski." Anna Kowaleski, however, having predeceased Peter Kowaleski, was not and could not have been, his widow. No explanation appears of record for the decision to substitute Anna Kowaleski, and counsel for the parties failed to bring to the court's attention the error or attempt to rectify the record.

Counsel, instead, exacerbated the problem by pursuing the claim in the name of Anna Kowaleski. On May 15, 1987, he filed a petition for review with the Benefits Review Board as counsel for the claimant, Anna Kowaleski, widow of Peter Kowaleski. Lesho specifically represented that the petitioner is "Anna Kowaleski, widow of Peter Kowaleski, who resides at R. 182 Mason Street, Exeter, Pennsylvania 18643." Although there is no evidence that Anna Kowaleski or the executor of her estate ever authorized Lesho to represent her interests in any matter, Lesho executed the petition as "representative for the claimant, Anna Kowaleski, widow of Peter Kowaleski." Lesho did not inform the Board that Mrs. Kowaleski had died almost eight years prior to the appeal and almost five years before her husband.

After the Benefits Review Board denied the claim on its merits, Lesho, as "Co-Counsel for Petitioner," filed a petition for review in this court on October 5, 1988, again in behalf of "Anna Kowaleski, Widow of Peter Kowaleski." Following oral

argument, this court became aware of the possibility that the purported claim was not properly before this court.

By letter dated June 7, 1989, the Clerk of the Court highlighted these foregoing facts to petitioner's counsel and requested a response as to why the case should not be dismissed for want of an appealable order. Counsel, without directly responding to that request filed a motion on June 12, 1989, to substitute the executor of Peter Kowaleski's estate as party-appellant. Counsel cited no legal or statutory authority in support of his motion at this stage of the proceedings and at this time. Counsel for the Director also failed to make any direct response, though petitioner's motion claims that the opponent has no objection to the substitution.

We now turn to the interrelated threshold issues of whether we have jurisdiction over the appeal, and, if not, whether the executor may now be substituted by amendment to the petition in this court so that we may exercise jurisdiction over this matter.

## II.

■ As a preliminary matter, we note that the current petition before this court lacks a real party in interest. Under the applicable regulations, "[b]enefits are provided under this Act to a miner who is totally disabled due to pneumoconiosis and to certain *survivors of a miner* who died due to or while totally ... disabled by pneumoconiosis," including a "surviving spouse." 20 C.F.R. §§ 727.201, 725.201(2)

(1988); *see also* 20 C.F.R. § 410.200 (1988).[1] The petition for review here was brought solely in the name of and for the benefit of Anna Kowaleski, as purported widow of the original claimant, Peter Kowaleski. Anna Kowaleski, however, predeceased her husband. Because Anna Kowaleski's entitlement under the Act depended on surviving her husband, neither she nor her estate had any cognizable legal interest in this litigation.[2]

■ We now turn to the issue of whether we have now or may acquire jurisdiction over an appeal by the executor, a party unnamed in the petition for review, as requested in the motion for substitution filed by petitioner's counsel.

The proper form and timing of an appeal from a decision of the Benefits Review Board are governed by Appellate Rule 15(a). That rule provides in pertinent part that the petition for review "shall specify the parties seeking review" "within the time prescribed by law." Fed.R.App.P. 15(a) (West 1980). Section 422(a) of the Black Lung Benefits Act, 30 U.S.C.A. § 932(a) (West 1986), incorporating section 21(c) of the Longshoreman's Act, 33 U.S.C.A. § 921(c) (West 1986), requires that a petition for review of an order of the Benefits Review Board be filed in the court of appeals within sixty days following issuance of that order.

The Supreme Court recently held that Appellate Rules 3 and 4, the counterparts to Rule 15, constitute a "single jurisdictional threshold," such that the failure to name a party in a notice of appeal or to amend

---

1. During the lifetime of an eligible miner a dependent has no claim to benefits, though the existence of dependents would serve to augment benefit payments to that miner. *See* 20 C.F.R. § 725.201; 20 C.F.R. §§ 410.200, 410.510(c).

2. Although the original error appears to lie with the ALJ in his unfortunate captioning of this case, it was inexcusable error for counsel to have then pursued this claim as counsel for and in the name of Anna Kowaleski, "widow of Peter Kowaleski."

We also question the propriety of counsel's assertion in the petition for review in behalf of Anna Kowaleski that he acted as "Co–Counsel for Petitioner [Anna Kowaleski]." The record indicates that counsel was retained in 1985,

almost six years after the death of Anna Kowaleski. There is no indication that Anna Kowaleski or the representatives of her estate ever consented to representation by counsel in any matter in her behalf. We assume that counsel either did not understand the limitations of his representation of Peter Kowaleski or merely chose the seemingly less complicated path of altering the scope of his representation to match the caption of the case rather than moving to remedy the caption of the case to reflect the interests of Peter Kowaleski, his only client and the real party in interest. In either case, we admonish counsel in the future to recognize the limits of client representation and to act accordingly.

the notice within the time for filing an appeal deprives the court of appeals of jurisdiction over the unnamed parties. *Torres v. Oakland Scavenger Co.,* — U.S. ——, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988). Employing language identical to that of Rule 15, Rule 3(c) requires that the notice of appeal "specify the parties seeking review." Fed.R.App.P. 3(c) (West 1980). Rule 4 further requires that the notice be filed within a certain time frame. Fed.R.App.P. 4 (West 1980). In *Torres,* both the notice of appeal and the order of the court of appeals inadvertently omitted petitioner's name. The Court, observing that Rule 3(c) required a notice of appeal to specify all parties appealing from a court order, rejected petitioner's claim that the designation, "et al.," following the first appellant's name, sufficiently demonstrated petitioner's intent to appeal under Rule 3(c).

Accordingly, the Court held that, although the rules may be liberally construed, a court "may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres,* 108 S.Ct. at 2409. The Court further stated:

> Applying these principles to the instant case, we find that petitioner failed to comply with the specificity requirement of rule 3(c), even liberally construed. Petitioner did not file a functional equivalent of a notice of appeal; he was never named or otherwise designated, however inartfully, in the notice of appeal filed by the fifteen other intervenors. Nor did petitioner seek leave to amend the notice of appeal within the time limits set by Rule 4. Thus, the court of appeals was correct that it never had jurisdiction over petitioner's appeal.

*Id.* at 2409; *see also Farley Transp. Co. v. Santa Fe Trail Transp. Co.,* 778 F.2d 1365, 1369 (9th Cir.1985). Rules 3 and 4, as interpreted in *Torres,* therefore, require the court "to insist on punctilious, literal, and exact compliance with the requirement in Rule 3(c) that the notice of appeal ... 'shall specify the party or parties taking the appeal.'" *Allen Archery, Inc. v. Precision Shooting Equip., Inc.,* 857 F.2d 1176, 1177 (7th Cir.1988); *see also Ford v. Nicks,* 866 F.2d 865, 869–70 (6th Cir.1989); *United States v. Rivera Construction Co.,* 863 F.2d 293, 298–99 (3d Cir.1988); *Santos–Martinez v. Soto–Santiago,* 863 F.2d 174, 177 (1st Cir.1988); *DeLuca v. Long Island Lighting Co.,* 862 F.2d 427, 429–30 (2d Cir. 1988).

Although *Torres* only addressed the mandates of Rules 3 and 4, we must demand the same punctilious, literal, and exact compliance with the identical jurisdictional requirement in Rule 15 that the petition for review "shall specify the parties seeking review." Petitioner, however, has utterly failed to comply with the requirements of that rule. Anna Kowaleski is the only party named in the petition for review and the petition was filed only in her behalf. Neither Peter Kowaleski's name nor that of his estate or executor thereof appears in the caption or body of the petition. Unless the petition may be amended to include Peter Kowaleski or the executor of his estate, we may not exercise jurisdiction over an appeal by either party.

 In an apparent effort to amend the petition to reflect the real party in interest, counsel for petitioner belatedly filed with this court a motion to substitute the executor as claimant-appellant.[3] Because Anna Kowaleski is the only claimant-appellant of record before this court, the motion for substitution, if granted, would serve only to substitute the executor of the estate of

---

**3.** Until this court confronted petitioner's counsel with the suggestion that this appeal lacked a real party in interest, this petition was never pursued in the name of the real party in interest, Peter Kowaleski, or in behalf of his estate. Although counsel for petitioner should have been aware that, since the issuance of the opinion of the ALJ, this claim has been erroneously pursued in behalf of a person who had died many years prior to the time her interest would have arisen, that is, the date of her husband's death, counsel never informed the various adjudicative bodies of the error. To his credit, perhaps, counsel has not attempted to justify to this court his failure either to notify the court of the error or to remedy the problem prior to this court's action.

Peter Kowaleski for Anna Kowaleski who has, as discussed, no cognizable interest in this matter.[4]

Given the futility of the Motion to Substitute as it now stands, we presume that counsel seeks to substitute the executor for the interests of Peter Kowaleski, and thereby make the executor a party to these appellate proceedings. Such a motion presupposes, however, that we could first grant leave to amend the petition for review to reflect the interest of Peter Kowaleski. This poses an insurmountable problem.

As the Court recognized in *Torres*, a motion for leave to amend a notice of appeal to include unnamed parties must be filed within the time limits for filing a notice of appeal set forth in Rule 4. Failure to timely file a motion to amend deprives the court of jurisdiction over the unnamed parties. *Torres*, 108 S.Ct. at 2407. Similarly, a motion to amend a petition for review to name a person not already a party to the appeal must be filed within the time limits for filing the original petition, that is, within sixty days of the entry of the Benefits Review Board order. 33 U.S.C.A. § 921(c).

Here, the motion to substitute/amend was not filed until June 12, 1989, more than two years after entry of the order of the Benefits Review Board. Because the motion was not timely filed, the petition for review cannot be amended to specify either Peter Kowaleski or his executor as a petitioning party. We therefore lack jurisdiction over an appeal by either Peter Kowaleski or the executor of his estate.[5]

Although the result we reach today may appear oppressive, we believe that the harshness, if any, stems more from the ineptitude of the interested parties and their counsel than from the strictures of the jurisdictional prerequisites of Rule 15. Counsel has had ample opportunity over a period of years not only to make the appropriate substitute of the executor for Peter Kowaleski but also to amend the petition for review to specify the true party in interest, that is, either Peter Kowaleski or the executor of his estate. Regardless of the unfortunate captioning of the ALJ's order, we cannot permit the parties and counsel to use that initial error to shield themselves from the consequences of their subsequent behavior which served merely to compound the confusion rather than to provide illumination.

### III.

Accordingly, the motion for substitution will be denied and the petition for review will be dismissed with prejudice for lack of jurisdiction over a real party in interest.

Costs will be taxed against James Lesho, counsel for the nominal appellant.

---

**4.** Although counsel provides no statutory or legal authority for substitution of parties, Appellate Rule 43 provides for substitution of a party by his or her personal representative or other person either where the party dies while a proceeding is pending in the court of appeals or where such substitution is otherwise necessary. Fed.R.App.P. 43 (West 1980 & Supp.1989). The personal representative, however, stands in place of the substitute party and therefore ac-quires only the rights of that party. Consequently, the executor, as a substitute for the nominal appellant, Anna Kowaleski, would have no real interest in this matter.

**5.** Although counsel for the Director apparently does not object to the substitution, this issue is one of jurisdiction and cannot be waived by the parties.