05-6291-ag (L);  08-5158-ag (Con)
Dada v. Holder

BIA
Hom, IJ
A095 980 071
A095 961 832
A095 961 841

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

**PRESENT:**

> **DENNIS JACOBS,**
> > *Chief Judge,*
> **ROGER J. MINER,**
> **PIERRE N. LEVAL,**
> > *Circuit Judges.*

_____

**FAZAL MAHMOOD DADA, MOHAMMAD IBRAHIM DADA, AZEEM FAZAL DADA,**
> *Petitioners,*
> v.

**ERIC H. HOLDER, JR.,[1] UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

05-6291-ag (L);
08-5158-ag (Con)
NAC

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONERS:**     Shahla Khan, New York, New York.

**FOR RESPONDENT:**     Tony West, Assistant Attorney General Civil Division; Michael P. Lindemann, Assistant Director; Lyle D. Jentzer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Fazal Mahmood Dada, a native and citizen of Pakistan, seeks review of an October 27, 2005, order of the BIA affirming the August 3, 2004, decision of Immigration Judge ("IJ") Sandy Hom, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Fazal Mahmood Dada, et al.*, Nos. A095 980 071/A095 961 832/A095 961 841 (B.I.A. Oct. 27, 2005), *aff'g* Nos. A095 980 071/A095 961 832/A095 961 841 (Immig. Ct. N.Y. City Aug. 3, 2004). Dada also seeks review

_____

[2]Fazal Mahmood Dada was the lead petitioner before the agency. Accordingly, we refer exclusively to him throughout. Dada's oldest son, Muhammad Dada, filed an independent asylum application, which, because it relies entirely on the allegations in his father's application, was consolidated with Dada's case. Dada's minor son, Azeem Dada, applied for asylum as a derivative beneficiary of his father.

2

of the BIA's September 24, 2008, order denying his motion to reopen his removal proceedings. *See In re Fazal Mahmood Dada, et al.*, Nos. A095 980 071/A095 961 832/A095 961 841 (B.I.A. Sept. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I. Motion to Add Sons to Caption**

Federal Rule of Appellate Procedure 15 requires that the petition "must name" each party seeking review either in the caption or body of the petition. Dada put only his own name on the petition for review, but added the phrase "et all" by hand. Terms such as "et al." are ordinarily insufficient. *See* Fed. R. App. P. 15. However, by using the phrase "et all," and also attaching the BIA's decision, which lists all three names and alien numbers, the petition effectively complied with the rule because his actions were "the functional equivalent of what the rule requires." *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988) (addressing Fed. R. App. P. 3, and finding that, "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the

rule if the litigant's actions were the functional equivalent of what the rule requires"); *see also Kowaleski v. United States Dep't of Labor*, 879 F.2d 1173 (3d Cir. 1989) (applying the Supreme Court's reasoning in *Torres* to petitions for review filed under Rule 15).

## II. Petition for Review of Agency's Denial of Dada's Applications for Relief

We nonetheless deny Dada's petition for review challenging the BIA's affirmance of the IJ's denial of his applications for asylum, withholding of removal, and CAT relief. We review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

We lack jurisdiction to consider Dada's challenge to the agency's pretermission of his untimely asylum application. *See* 8 U.S.C. § 1158(a)(3) (explaining that no court shall have jurisdiction to review any determination of the Attorney General regarding the timeliness of an asylum application under section 1158(a)(2)(B)). Although we retain jurisdiction to review constitutional claims and

4

questions of law, 8 U.S.C. § 1252(a)(2)(D), Dada raises no such argument, essentially disputing the IJ's determination that his delay in filing after the end of his lawful status was not reasonable.

With respect to Dada's applications for withholding of removal and CAT relief, we conclude that the IJ's adverse credibility determination is supported by substantial evidence. In finding Dada not credible, the IJ reasonably relied upon inconsistencies surrounding Dada's alleged arrest by Pakistani authorities. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000). In light of those discrepancies, the IJ reasonably determined that Dada's failure to provide corroborating evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Because the agency's adverse credibility determination was supported by substantial evidence, the agency reasonably found that Dada was unable to meet his burden of proof for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Furthermore, there was no abuse of discretion in the

agency's denial of Dada's request for a continuance.  *See Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006). Dada's case had been pending for over a year; Dada had ample time to prepare and obtain documents; his new counsel was on notice that the case was scheduled for a full merits hearing, an interpreter had already been arranged; and the IJ had continued the matter several times in the past. *See Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006) (giving the agency wide latitude in declining to continue cases and finding that they abuse their discretion only when a denial is based on a legal or factual error or is otherwise outside the "range of permissible decisions").

**III. Petition for Review of BIA's Denial of Motion to Reopen**

We likewise deny Dada's petition for review of the BIA's denial of his motion to reopen, finding no abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).  The BIA properly considered the evidence Dada offered in support of his claim that country conditions in Pakistan had changed, and reasonably found that this evidence either failed to show a material change in country conditions or was previously available.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii); *INS v. Abudu*, 485 U.S.

6

94, 104-05 (1988).

Dada argues that the BIA violated his due process rights by taking administrative notice of a change in country conditions without giving Dada an opportunity to respond. However, there was no violation because that was not the sole basis for the BIA's rejection of his motion. *See Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 198-99 (2d Cir. 2007); *Shao v. Mukasey*, 546 F.3d 138, 167-68 (2d Cir. 2008). There was no abuse of discretion in the BIA's denial of Dada's motion to reopen.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk