FILED
United States Court of Appeals
Tenth Circuit

June 14, 2011

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MISTY RALEY, individually and as
parent and next friend of C.G., W.G.,
and C.A.G., minor children,

       Plaintiff-Appellant,

v.

HYUNDAI MOTOR COMPANY,
LTD., a Korean corporation; and
HYUNDAI MOTOR AMERICA, a
California corporation,

       Defendants-Appellees.

No. 10-6080

---

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 08-CV-00376-HE)**

---

John M. Merritt, Merritt & Associates, P.C., Oklahoma City, Oklahoma, for
Plaintiff-Appellant.

Gene C. Schaerr, Winston & Strawn LLP, Washington, D.C. (Jacob R. Loshin,
Winston & Strawn LLP, Washington, D.C.; James A. Jennings, Linda Kaufmann
and Derrick Teague, Jennings, Cook & Teague, Oklahoma City, Oklahoma; and
Thomas N. Vanderford, Jr., Hyundai Motor America, Fountain Valley, California,
with him on the brief) for Defendants-Appellees.

---

Before **LUCERO, McKAY,** and **GORSUCH**, Circuit Judges.

---

**GORSUCH**, Circuit Judge.

Can you appeal a final judgment rendered against someone else? Especially when you aren't a named party to the lawsuit and voluntarily left the case long ago? At least generally, and specifically in this case, the answer is no.

Misty Raley brought this lawsuit against Hyundai alleging that a car it manufactured was defectively designed and responsible for injuries she suffered in an accident. But before trial began, Ms. Raley filed a motion pursuant to Fed. R. Civ. P. 25(c) asking the district court to substitute BancFirst in her place as "the real party in interest" and sole plaintiff in the case. Aplt. App. Vol. 5 at 1513. Ms. Raley explained that a state probate court had appointed BancFirst to serve as guardian for her and her minor children. In light of this development, she represented, all "interest" in the lawsuit had been "transferred" to the bank, to the exclusion of herself and her children. Aplt. App. Vol. 5 at 1514.

Hyundai disputed this. The company argued that substitution under Rule 25(c) would be improper because Ms. Raley, not the bank, remained the real party in interest in the lawsuit. The company argued, as well, that any substitution should take place only pursuant to Rule 25(b), not Rule 25(c) — though, the company stressed, Ms. Raley hadn't sought relief under Rule 25(b) or demonstrated the sort of incompetency necessary to invoke it. In the end, the district court overruled Hyundai's objections, granted Ms. Raley's motion, and

substituted BancFirst as the party-plaintiff in place of Ms. Raley, both in her individual capacity and as the representative of her children.

After a lengthy jury trial, Hyundai prevailed. But when entering judgment on Hyundai's behalf, the district court mistakenly identified Misty Raley, not BancFirst, as the losing party-plaintiff. Adding to the confusion, Ms. Raley then proceeded to file a notice of appeal, listing herself — but not BancFirst — as the plaintiff-appellant seeking to undo the judgment. For its part, BancFirst did not file a notice of appeal.

Not long after the appeal was docketed, the district court noticed its clerical error. After obtaining leave pursuant to Fed. R. Civ. P. 60(a) & 62.1, the district court issued an amended judgment identifying BancFirst, not Ms. Raley, as the only party-plaintiff to its judgment. In response, Ms. Raley filed another notice of appeal, this time seeking to contest the district court's Rule 60(a) ruling and the amended judgment. Again, she listed herself, not BancFirst, as the only plaintiff-appellant in the case. Again, BancFirst filed nothing.

It is this that poses a problem. Generally speaking, only named parties to a lawsuit in the district court may appeal an adverse final judgment. *See United States ex. rel. Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234-35 (2009)**;** *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam); *Karcher v. May*, 484 U.S. 72, 77 (1987); *United States ex rel. Louisiana v. Boarman*, 244 U.S. 397, 402 (1917); *S. Utah Wilderness Alliance v. Kempthorne*, 525 F.3d 966, 968 (10th

Cir. 2008). After all, it is usually only parties who are sufficiently aggrieved by a district court's decision that they possess Article III and prudential standing to be able to pursue an appeal of it. *See West v. Radio-Keith-Orpheum Corp.*, 70 F.2d 621, 624 (2d Cir. 1934) (Learned Hand, J.) ("[I]f not a party, the putative appellant is not concluded by the decree, and is not therefore aggrieved by it."); *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011) ("[T]o have standing on appeal, one must be aggrieved by the order from which appeal is taken." (internal alterations and quotation omitted)).

Problem is, we have no appeal from a named party in this case. The only named party-plaintiff in the lawsuit after the district court granted Ms. Raley's substitution motion was and is BancFirst. Yet, the bank has not filed a notice of appeal. And this presents a particular difficulty because of Rules 3(c) and 4 of the Federal Rules of Appellate Procedure. Rule 3(c) says that a notice of appeal "must . . . specify the party or parties taking the appeal." Fed. R. App. P. 3(c)(1)(A). And Rule 4 states that a complaint notice "must be filed" in most civil cases like this one within 30 days after judgment. Fed. R. App. P. 4(a)(1)(A). Both of these rules are "mandatory" in nature and, taken together, form a "single jurisdictional threshold" to appellate review. *Torres v. Oakland Scavenger Co.*, 487 U.S. 314, 315 (1988); *see also Becker v. Montgomery*, 532 U.S. 757, 765 (2001); *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 116 (2002). And the threshold, simply put, is this: the "[f]ailure to name the proper party

-4-

taking the appeal," within the time allotted by Rule 4, can and "will result in the dismissal of an appeal for lack of appellate jurisdiction." *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1149 (10th Cir. 1991).

Of course, the rules of contemporary civil litigation are replete with exceptions, perhaps too many exceptions — and this rule itself is no exception. Those who are the subject of civil contempt orders, sanctioned attorneys, class members who object to a judgment settling their rights — among others — may sometimes be parties to an appeal even though they were not named parties in the district court litigation. *See, e.g.*, *Devlin v. Scardelleti*, 536 U.S. 1, 14 (2002); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988); *Hinckley v. Gilman, Clinton & Springfield R.R.*, 94 U.S. 467, 469 (1876); *Blossom v. the Milwaukee &c., R.R.*, 68 U.S. (1 Wall.) 655, 656 (1863); *In re Woosley*, 855 F.2d 687, 688 (10th Cir. 1988); *Dietrich Corp. v. King Res. Co.*, 596 F.2d 422, 424 (10th Cir. 1979); *Plain v. Murphy Family Farms*, 296 F.3d 975, 979-81 (10th Cir. 2002). Like named parties, these individuals possess Article III standing in the sense that they have been injured by a district court ruling and a favorable decision on appeal would ameliorate that injury. They also possess prudential standing; they do because they don't seek to pursue another person's legal rights, litigate a mere generalized grievance, or raise a challenge falling outside the zone of interests protected by the law involved. *Devlin*, 536 U.S. at 7. And of particular note, the individuals in each of these situations (1)

personally appeared in district court; (2) suffered a real and concrete injury as a result of a district court ruling that is entitled to preclusive effect; and (3) possess interests that would not, on appeal, be adequately represented by the named parties to the district court lawsuit. *See, e.g.*, *Devlin*, 536 U.S. at 7-9; *Bode v. Clark Equip. Co.*, 807 F.2d 879, 880-81 (10th Cir. 1986) (per curiam); *Dietrich*, 596 F.2d at 424; *West*, 70 F.2d at 624; *see also* Joan Steinman, *Irregulars: The Appellate Rights of Persons Who Are Not Full-Fledged Parties*, 39 Ga. L. Rev. 411 (2005).

In light of this, the question naturally arises whether Ms. Raley might be allowed to proceed as a party to this appeal even though she was, by the time the district court rendered its rulings, no longer a named party to the district court proceedings. But while the question naturally arises, it isn't one Ms. Raley has sought to answer. She makes no mention of this possibility in her opening or reply brief. Curious still about the question, we drew the parties' attention to it at oral argument. In response, Hyundai filed a Rule 28(j) letter attempting to address our inquiry. But Ms. Raley had nothing to say on the subject at oral argument or later.

Where an appellant fails to lead, we have no duty to follow. It is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear her appeal. Neither are we comfortable guessing for ourselves, without her help, what the answer might be to the complex question whether and

-6-

when a substituted and now former party to the district court proceedings is eligible to appear as a party to an appeal. Accordingly, we leave all that for another case another day. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) ("[T]he party claiming appellate jurisdiction bears the burden of establishing our subject-matter jurisdiction."); *see also United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n.2 (10th Cir. 1996) (stating that arguments in support of jurisdiction may be waived like any other contention).

In this case, we will focus on, and limit our attention to, the three arguments that Ms. Raley *has* chosen to pursue in an effort to sustain her appeal.

First and primarily, she tries a factual angle. She urges us to read the district court's Rule 25(c) substitution order as permitting her to remain a named party to the district court lawsuit along with BancFirst. But this we cannot do. Back when she filed her motion, Ms. Raley didn't seek to *add* BancFirst as a plaintiff. Instead, she claimed that she had transferred *all* interest in the lawsuit to the bank, she represented that the bank had become the sole "real party in interest," and she asked the court to recognize the bank as the only plaintiff "in the place and stead of" herself. Aplt. App. Vol. 5 at 1513, 1517. The district court granted the relief she requested, ruling that the bank was "**SUBSTITUTED** as the plaintiffs in this case." Aplt. App. Vol. 6 at 2270. Before this court, Ms. Raley makes much of the fact that the district court proceeded in its substitution

-7-

order to prohibit the parties from making any reference to the substitution order at trial. But in doing so the district court was clearly and simply seeking to prevent either side from making tactical use of the substitution order before the jury. And this does not alter the fact that Ms. Raley received exactly the relief she requested — substitution of BancFirst for herself as the sole party-plaintiff.

Our holding shouldn't be mistaken for more than it is. We are not suggesting that Ms. Raley's Rule 25(c) motion was necessarily a proper one. It may well be, as Hyundai once argued, that a Rule 25(c) substitution wasn't appropriate in this case because Ms. Raley hadn't actually transferred her interest in the litigation to the bank; the bank was merely acting as her guardian. Our holding in this case is merely one of fact and peculiar to this case. We reject only, but dispositively, Ms. Raley's post-hoc reading of the district court's order. For better (as she thought then) or worse (as she thinks now) the district court granted her motion for substitution. And no litigant can count on winning an appeal by complaining about a possible legal error she invited in the district court. *See United States v. Shaffer*, 472 F.3d 1219, 1227 (10th Cir. 2007).

Second, even if she did win her motion for substitution, Ms. Raley says we can undo it. She has filed a motion in this court asking us to substitute BancFirst in her stead as the sole party-appellant before us — effectively asking us to undo the very substitution order she sought and won in the district court. This sort of "un-substitution," she says, can and will repair any damage she may have done.

But it will not. To entertain a motion to substitute the appellant we must first *have* an appeal. And here we don't. Without a timely notice of appeal from someone we can be confident is a party to the appeal, we have no authority to hear a challenge to the district court's judgment, let alone grant a motion in such a (non-existent) appeal. No court of appeals can reach the merits of a motion in an appeal it is without jurisdiction to hear. And no more persuasive application of this rule could be found than in this case, where the relief sought is essentially to permit a district court party (BancFirst) to file a conforming notice of appeal out of time, a result that would (quite improperly) "vitiate" the mandatory and jurisdictional deadline set forth by Rules 3 and 4. *See Torres*, 487 U.S. at 315; *see also Kowaleski v. Dir., Ofc. of Workers' Comp., U.S. Dep't of Labor*, 879 F.2d 1173, 1177 (3d Cir. 1989).[1]

Third and in a very different direction, Ms. Raley asks us to infer BancFirst's intent to appeal from the record of this case outside the notices of appeal. She points out that BancFirst is represented by the same counsel as she.

_____

[1] Neither does a motion for substitution "relate back" to Ms. Raley's timely but defective notices of appeal. In *Becker v. Montgomery*, 532 U.S. 757 (2001), the Court held that an appellant's failure to sign a notice of appeal could be cured after the deadline to file the notice. But in explaining this holding, the Court took care to note that, while the timing and content requirements for the notice of appeal were "jurisdictional in nature," the signature requirement was not. *Id*. at 765-66; *Edelman*, 535 U.S. at 116. This is so, of course, because that signature requirement is not among those listed in Rule 3(c)(1). Instead, Federal Rule of Civil Procedure 11 "alone calls for and controls that requirement," and Rule 11 is not jurisdictional like Rules 3 and 4. *Becker*, 532 U.S. at 765-66.

And she stresses that the bank has joined her motion in this court seeking leave to substitute it as the appellant. From these facts, she says, we should surmise that BancFirst intended all along to participate in this appeal.

This, too, we cannot do. The test for determining whether a particular party has appealed is whether a timely notice of appeal, filed within the period specified by Rule 4, makes it "objectively clear that [the] party [in question] intended to appeal," either by naming the specific party or by using a term (whether "et al." or "all plaintiffs" or "the defendants") that encompasses that party. Fed. R. App. P. 3 advisory committee note (1993 amendment). And the notices of appeal in this case plainly fail this test. They don't name BancFirst. They don't use terms that objectively and clearly encompass the bank. Instead, both notices mention only Ms. Raley. Neither may we look beyond the notice of appeal and scour the record to figure out who does and doesn't wish to appeal. Rule 3(c) expressly requires that a party's intent to participate in the appeal be objectively clear "*from the notice*" itself. Fed. R. App. P. 3(c)(4) (emphasis added); *see also Billino v. Citibank*, 123 F.3d 723, 726-27 (2d Cir. 1997); *Magicsilk Corp. of N.J. v. Vinson*, 924 F.2d 123, 125 (7th Cir. 1991); *Becker*, 532 U.S. at 765-66.

If anything, our current test for determining a party's intent to appeal is more forgiving than it used to be. In *Torres*, the notice of appeal omitted the name of one of sixteen plaintiffs, but appeared to encompass even the unnamed plaintiff through use of the term "et al." (literally, "and others."). 487 U.S. at 317-18. The

Supreme Court, however, held this general term was "utterly" insufficient to afford it jurisdiction to hear an appeal from the unnamed plaintiff. *Id.* at 318. The Court's holding led to a rash of "satellite litigation" over whether and when a notice of appeal that contains "some indication of the appellants' identities but does not name the appellants" might be sufficient. Fed. R. App. P. 3 advisory committee note (1993 amendment). In response, the rulemakers went to work and, at their recommendation, Congress in 1993 adopted an amendment liberalizing Rule 3(c), permitting appellants to use "such terms as 'all plaintiffs' [or] 'the defendants'" to identify the appealing parties. Fed. R. App. P. 3(c)(1)(A). This language was expressly designed to "prevent the loss of a right to appeal through the inadvertent omission of a party's name or continued use of such terms as 'et al.,' which are sufficient in all district court filings after the complaint." Fed. R. App. P. 3 advisory committee note (1993 amendment). But even as amended, the Rule still unambiguously limits the scope of inquiry to the notice of appeal itself — it does not allow us to forage through the record for indicia of a putative appellant's intent.

To be sure, just as we now construe more liberally what is *in* the notice of appeal, we also liberally construe what *is* a notice of appeal, treating timely filings that otherwise comply with Rule 3(c) as the "functional equivalent" of a notice of appeal even when they are not formally denominated as such. *See Smith v. Barry*, 502 U.S. 244, 247-48 (1992); *B. Willis, C.P.A. Inc. v. B.N.S.F. Ry.*, 531 F.3d 1282,

1296 (10th Cir. 2008); *see also Grimsley v. MacKay*, 93 F.3d 676, 678 (10th Cir. 1996). But none of this means we may look beyond what is labeled as or functionally equivalent to a notice of appeal to figure out who is and is not seeking to appeal.

It may seem "harsh" to insist that a party manifest an objectively clear intent to appeal in the notice of appeal itself. But, as Justice Marshall emphasized in *Torres*, the results flowing from the application of Rule 3(c) are results "imposed by the legislature" and the rulemaking process, results courts are not free to rewrite according to their policy preferences. 487 U.S. at 318 (internal quotation omitted). Neither, as it happens, are Rule 3(c)'s requirements just empty procedures without purpose. By requiring an objectively verifiable indication of who is appealing in the notice of appeal itself, the Rule "serves both the interests of finality, in that courts of appeal may not exercise jurisdiction over unnamed parties . . . and of fairness [by] . . . provid[ing] notice both to the opposition and to the court of the identity of the appellant or appellants." *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d Cir. 1988) (internal quotation omitted). And both considerations are surely at work here. Throughout most of the briefing of this appeal it was unclear whether BancFirst wanted to pursue an appeal, and we are loath simply to guess whether someone wishes to invoke and become subject to our jurisdiction. Likewise, it is manifestly unfair to any responding appellee to have to write its briefs and prepare its arguments without any way of being sure

who is, and who is not, seeking to undo its district court victory. *Who* is appealing should be something everyone can easily and readily know, not a guessing game.

Truth is, the problems with this appeal were likely avoidable. A timely notice of appeal by BancFirst, assuming it had really wished to appeal as Ms. Raley represents, would have done the trick. Alternatively, Ms. Raley might have sought some form of relief from the district court other than total substitution. Or she might have sought to argue that she can challenge the judgment because of precedent permitting some individuals who are not parties to the district court litigation to appear as parties to an appeal. But we rule on the cases as they come to us. And this one comes to us in a posture where none of these options was pursued and so where we have little left we can do. As it stands, this appeal, like a nearly identical appeal the Third Circuit faced in *Kowaleksi*, "strikingly illustrates the necessity for lawyers to be familiar with applicable legal procedural rules and to comply with them." 879 F.2d at 1174. Many procedural missteps we can forgive or overlook, others we can correct. But Rules 3(c) and 4 are jurisdictional rules. And jurisdictional rules are just that. The failure to abide them can, and in this case does, mean that we cannot reach the merits, however unfortunate that may be.

This appeal is dismissed for lack of jurisdiction. The motions for substitution and remand are dismissed as moot.