FILED
United States Court of Appeals
Tenth Circuit

July 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AMERICAN CONTRACTORS
INDEMNITY COMPANY,

        Plaintiff-Appellee,

v.

SHERRY BOEDING,

        Defendant-Appellant,

and

JOHN ATAMIAN; NEW IMAGE
INVESTMENTS, LLC,

        Defendants.

No. 11-3285
(D.C. No. 2:08-CV-02586-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

Sherry Boeding, appearing pro se, appeals from an order of the district court

that was entered on May 23, 2011, and that was certified for interlocutory appeal

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

under Fed. R. Civ. P. 54(b) only as to defendant New Image Investments, LLC ("New Image"). Because Ms. Boeding has failed to establish her standing to challenge that order, we dismiss the appeal.

## I. Background

In 2005 and 2006, American Contractors Indemnity Company ("ACIC"), a California surety company, issued Administrator Bonds to defendant John Atamian, a resident of Arizona, who had been appointed as the administrator of a California probate estate. In exchange for those bonds, Mr. Atamian and Ms. Boeding, also a resident of Arizona, each executed and furnished to ACIC an indemnity bond which exonerated and indemnified ACIC from liability and any and all losses, attorney's fees, costs, or other expenses incurred by ACIC by reason of having executed the Administrator Bonds.

ACIC filed this suit in equity in 2008. Pertinent to this appeal, ACIC alleged that claims had been made against the Administrator Bonds in litigation in California. ACIC therefore asserted in this suit that a constructive trust should be enforced against certain real property in Shawnee County, Kansas, which ACIC alleged was purchased and renovated by New Image with misappropriated estate funds, and that ACIC should be exonerated by Mr. Atamian and Ms. Boeding pursuant to their indemnity agreements for its obligations under the Administrator Bonds (including its attorney's fees and costs in this suit). ACIC alleged that Mr. Atamian had misappropriated funds from the probate estate, that $120,000 of the misappropriated

funds had been transferred first into an account held by Mr. Atamian and Ms. Boeding and then into another account held by New Image, and that all or part of those estate funds had been used by New Image to purchase and renovate the real property in Kansas. ACIC sought a constructive trust on the real property in order to reclaim those funds for the estate's beneficiaries.

Mr. Atamian was served with the summons and complaint, but he failed to answer. As a result, on July 28, 2009, he was declared in default, and the district court did not address the merits of ACIC's claim against him. Ms. Boeding and New Image appeared in court. They were initially represented by the same attorney, but he withdrew in May 2009. Ms. Boeding represented herself after that. The court advised New Image's principal (Ms. Boeding's daughter) that New Image, a limited liability company, could not appear in court either pro se or by Ms. Boeding, who is not a lawyer. New Image never retained another lawyer, however, and was deemed not to have appeared further after counsel withdrew. On September 27, 2010, a default judgment was entered against New Image and Ms. Boeding as a sanction for their failure to comply with discovery orders. The district court reviewed the law on sanctions in its order, but the court did not address the merits of ACIC's claims against New Image or Ms. Boeding.

Shortly before the default judgment was entered against New Image and Ms. Boeding on ACIC's original claims against them, ACIC moved to amend its complaint to assert that more money was involved than the $120,000 originally

alleged, and to assert claims against Mr. Atamian and Ms. Boeding for indemnification (that is, reimbursement) under their indemnity agreements because ACIC had paid the claims against the Administrator Bonds. The district court granted the uncontested motion, construing it as a motion to amend the pretrial order to add a claim. The court referred the matter to the magistrate judge to set a schedule for the filing and litigation of the new claim. The magistrate judge directed ACIC to prepare a proposed amended pretrial order, and permitted Ms. Boeding to make suggestions for any items to be included in it. The amended pretrial order was entered in January 2011.

In March 2011, ACIC filed separate motions seeking summary judgment on its amended claim for a constructive trust on New Image's real property and for indemnification by Mr. Atamian and Ms. Boeding. In an order entered on May 23, 2011, the district court granted ACIC's motion as to New Image, and granted in part and denied in part ACIC's motion as to Mr. Atamian and Ms. Boeding. Because Mr. Atamian, Ms. Boeding, and New Image had already been held liable by default on ACIC's original claims involving $120,000 of misappropriated estate funds, the court considered only the additional dollar amount asserted in ACIC's summary judgment motions—$28,112.77.

The district court granted ACIC's motion for summary judgment against New Image as uncontested, imposing a constructive trust against the real property in the total amount of $148,112.77. The court also reviewed the merits of the amended

- 4 -

claim for a constructive trust, concluding that New Image was liable on the merits for the additional amount asserted. The court granted ACIC's motion for summary judgment against Mr. Atamian on its claim for indemnification as uncontested. But the court denied ACIC's motion for summary judgment against Ms. Boeding because she had properly and correctly raised for the first time in the amended pretrial order that venue was improper in Kansas under the forum selection clause of her indemnity agreement. The court expressly reserved until the conclusion of the litigation the issue of the amount of attorney's fees and costs to be awarded to ACIC from Mr. Atamian (based on ACIC's original and amended claims) and Ms. Boeding (based on the default judgment entered against her as a sanction before ACIC's motion to amend was granted).

The court granted ACIC's subsequent motion to certify the May 23, 2011, order for interlocutory appeal under Rule 54(b) solely as to New Image, and entered a final judgment solely as to New Image on ACIC's claims for a constructive trust. Ms. Boeding appeals.

## II. Discussion

ACIC moved to dismiss the appeal for lack of jurisdiction, arguing that Ms. Boeding lacks standing to appeal the final judgment against New Image and that the award of attorney's fees against her is not yet final for appeal. Ms. Boeding filed a response to ACIC's motion, and we deferred ruling on it until after the parties had

briefed the merits.  Having considered all of the parties' materials, we grant ACIC's motion to dismiss.

"'The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.'" *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)).  "[I]t is usually only parties who are sufficiently aggrieved by a district court's decision that they possess Article III and prudential standing to be able to pursue an appeal of it." *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1274 (10th Cir.), *cert. denied*, 132 S. Ct. 779 (2011).  Ms. Boeding bears the burden to establish her standing to appeal the district court's May 23 order, as "[i]t is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear her appeal." *Id.* at 1275.

Ms. Boeding's arguments in her response to ACIC's motion to dismiss are conclusory and wholly insufficient to demonstrate that she has standing to appeal.  In her merits reply brief, she argues in conclusory fashion that she has standing to appeal because, "as a result of the judgment under review," she will be "liable for legal fees under the surety agreement" and "liable to New Image for at least $129,416.75 of the judgment."  Aplt. Reply Br. at 3.  There are three problems with Ms. Boeding's argument.

First, she belatedly raised this argument in her reply brief instead of in her response to ACIC's motion to dismiss. *See Aviva Life & Annuity Co. v. FDIC*, 654 F.3d 1129, 1136 n.6 (10th Cir. 2011) (noting the general rule that contentions raised for the first time in reply brief are deemed waived). Second, she fails to go beyond this conclusory statement to explain how her asserted liability supports her asserted standing to appeal the May 23 order against New Image. *See Murrell v. Shalala*, 43 F.3d 1388, 1390 n.2 (10th Cir. 1994) (holding that appellate court does not consider "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" (quotation omitted)). Finally, she has not shown, and the district court did not hold, that she is liable for attorney's fees because of the constructive trust imposed on the real property owned by New Image; rather, her liability for attorney's fees was imposed by default as a sanction for her failure to comply with discovery orders.

In her opening brief on the merits, Ms. Boeding raises six arguments, two of which are further subdivided into two parts. Only one of her arguments clearly does not relate to the district court's merits discussion of the constructive trust in its May 23, 2011, order. To the extent she argues that the district court erred by imposing a constructive trust on real property owned by New Image, however, she has failed to demonstrate that she is personally aggrieved by the court's May 23 order to establish her Article III standing to appeal. *See Raley*, 642 F.3d at 1274-75.

Moreover, even if Ms. Boeding is sufficiently aggrieved by the May 23 order for Article III standing, "[o]ne element of prudential standing is 'the general prohibition on a litigant's raising another person's legal rights.'" *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004)). ACIC argues that Ms. Boeding is asserting New Image's rights because the May 23 order was certified for interlocutory appeal only as to New Image. We agree that Ms. Boeding lacks prudential standing, as well as Article III standing, because she may not assert New Image's rights to challenge the district court's reasons for increasing the constructive trust on New Image's real property. Indeed, she concedes that she is not an attorney and may not represent New Image on appeal. Aplt. Reply Br. at 3 (citing *Tal v. Hogan*, 453 F.3d 1244, 1254-55 (10th Cir. 2006)).

Ms. Boeding's remaining issue in her merits brief challenges the district court's subject matter jurisdiction to have entertained this suit at all because the probate estate is being administered in state court in California. Because we lack jurisdiction over her interlocutory appeal, however, we also lack jurisdiction to determine the merits of her argument that the district court lacked subject matter

jurisdiction.  *See Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1200-01 & n.2

(10th Cir. 2002).

DISMISSED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge
