**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT MARK STEPHENS,

     Plaintiff-Appellant,

v.

JUSTIN JONES, Director, DOC;
GENESE MCCOY, Medical Services
Administrator; DONNA LAYMON,
Warden; MARVIN VAUGHN, Warden;
WILLIAM MONDAY, Deputy Warden;
MARY STEVENS, Correctional Health
Services Administrator; CUONG PHAM,
Doctor; JOHN STEWART, Psychologist;
CARRIE BRIDGES, Procedures Officer;
JOE OWENS, Unit Manager; JACKIE
PERKINS, Law Library Supervisor;
KAREN WALKER, Kitchen Supervisor,

     Defendants-Appellees.

No. 11-6284
(D.C. No. 5:10-CV-00166-D)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**,
Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pro se plaintiff Robert Mark Stephens, a state prisoner in the custody of the Oklahoma Department of Corrections (DOC), appeals from several district court orders. We dismiss the appeal in part for failure to prosecute and affirm in part.

## I. BACKGROUND

In a complaint filed under 42 U.S.C. § 1983, Mr. Stephens asserted that during his stay at the William S. Key Correctional Center (WSKCC), prison officials denied him timely and adequate access to the courts, retaliated against him for filing grievances, improperly terminated his job in the prison law library, exhibited deliberate indifference to his health, and forced him to participate in a prison program. He sought declaratory, injunctive, and monetary relief. Mr. Stephens also filed a motion for a temporary restraining order (TRO) regarding access to his legal materials. Defendants filed a motion for summary judgment, as did Mr. Stephens. Mr. Stephens also filed a motion for sanctions against defendants and their counsel. Adopting the recommendations of a magistrate judge, the district court denied the TRO motion, denied the motion for sanctions, denied Mr. Stephens's summary judgment motion, and granted in part and denied in part defendants' summary judgment motion. One of Mr. Stephens's claims survived these rounds of litigation. This appeal followed.

## II. APPELLATE JURISDICTION

Mr. Stephens's notice of appeal designated three orders for appeal: the order denying his TRO motion, the order denying his motion for sanctions, and the order

on the summary judgment motions. Concerned that none of these orders were properly appealable final judgments, the Clerk of this court directed Mr. Stephens to either (1) file a brief describing the legal basis for this court's exercise of jurisdiction over any of the orders listed in his notice of appeal, (2) file an order from the district court expressly resolving all remaining claims against all remaining parties, (3) file a voluntary dismissal, or (4) do nothing and thereby permit this court to dismiss the appeal for failure to prosecute. Mr. Stephens filed a brief, and the jurisdictional matter has been referred to this panel.

In his jurisdictional brief, Mr. Stephens claims that the collateral order doctrine provides our jurisdiction over the order denying his TRO motion. We agree that we have jurisdiction over that order, but for a different reason. The denial of a TRO motion is "ordinarily not appealable," *Office of Pers. Mgmt. v. Am Fed'n of Gov't Emps.*, 473 U.S. 1301, 1303-04 (1985), but the magistrate judge recommended that the TRO motion be treated as one for a preliminary injunction. The district court adopted the recommendation, "fully concur[ring] in [the magistrate judge's] findings and conclusions." R. at 678. Thus, we construe the district court's order as one denying a preliminary injunction, not a TRO. Orders denying a preliminary injunction are immediately appealable under 28 U.S.C. § 1292(a)(1). *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1496 (10th Cir. 1994).

Mr. Stephens has presented no argument, in either his jurisdictional brief or his merits briefs, regarding our jurisdiction over the order denying his motion for

sanctions or the order concerning the summary judgment motions. Hence, he has failed to meet his burden to establish this court's jurisdiction over those orders. *See United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (stating that "the party claiming appellate jurisdiction bears the burden of establishing our subject-matter jurisdiction"); *see also Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1275 (10th Cir.) (explaining that "[i]t is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear [an] appeal"), *cert. denied*, 132 S. Ct. 779 (2011); *United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514, 1518 n.2 (10th Cir. 1996) (stating that "[o]ur duty to consider unargued *obstacles* to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have *supported* such jurisdiction"). We therefore dismiss his appeal from those orders for failure to prosecute. We also note that in his merits brief, Mr. Stephens has not addressed the order denying his motion for sanctions. Thus, in addition to failing to establish appellate jurisdiction over that order, he has forfeited appellate consideration of it. *See Abercrombie v. City of Catoosa, Okla.*, 896 F.2d 1228, 1231 (10th Cir. 1990) (failing to argue an issue listed in a notice of appeal waives the issue).

## III. MERITS

Having established that we only possess jurisdiction over Mr. Stephens's appeal from the district court's denial of his TRO motion, we now turn to the merits of that appeal. In his TRO motion, filed February 18, 2010, Mr. Stephens asked the

court to protect his access to his legal materials "during the course of the instant and future federal litigation," R. at 52, based on an allegation that the WSKCC warden, defendant Marvin Vaughn, had denied his February 10th request to store those materials. Warden Vaughn allegedly stated that those materials "must be shipped out on February 23, 2010." *Id.* at 49 (internal quotation marks omitted). Mr. Stephens also included conclusory allegations that DOC "prison officials have previously taken actions to remove [his] legal materials from [his] access, upon knowledge or notice of pending litigation," *id.*, and that he had been previously "transported by DOC officials to prison facilities that have no meaningful access to the courts," *id.* at 50.

In a supplement to the TRO motion filed August 31, 2010, Mr. Stephens stated that, on May 14, he had been transferred to the John Lilley Correctional Center, and that the warden there *granted* his request to store his legal materials for ninety days. Nonetheless, he asked the court "to issue a temporary restraining order and/or preliminary injunction to prevent [DOC] prison officials, under supervision of the Defendant(s), from taking actions that will result in irreparable harm to [his] right and ability to litigate actions before the Courts." *Id.* at 116. Mr. Stephens also filed a motion to file a second supplement to his TRO motion and the second supplement. The district court denied the motion on the ground that it sought to enlarge the requested relief "to include other prison officials and issues relating to prison transfers, medical care, diet concerns, misconduct 'write-ups,' and retaliation." *Id.*

at 447-48. The court noted that its ruling did not prevent Mr. Stephens from filing a separate motion regarding these concerns. Consequently, the court struck the second supplement because Mr. Stephens had filed it without leave of the court.

The TRO motion was referred to a magistrate judge. In his report and recommendation, the magistrate judge first noted that the request for a TRO was mooted by defendants' response to it. Therefore, the magistrate judge recommended that the district court treat the TRO motion as one for a preliminary injunction and deny it. The magistrate judge then reasoned that the motion was moot as to Warden Vaughn because Mr. Stephens was no longer housed at the WSKCC. Next, the magistrate judge concluded that the relief Mr. Stephens sought in the supplement to his TRO motion would violate 18 U.S.C. § 3626(a)(2). In relevant part, § 3626(a)(2) requires that, "[i]n any civil action with respect to prison conditions," any "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.* The magistrate judge found that the relief Mr. Stephens requested was "an injunction throughout the [DOC] that would prevent any undefined action that could be characterized as 'irreparable harm.'" R. at 534. In addition, the magistrate judge observed that Mr. Stephens was no longer housed at the John Lilley Correctional Center but had been transferred to the Joseph Harp Correctional Center, and Mr. Stephens had not suggested any concerns about his ability to access his legal materials there.

Consequently, the magistrate judge concluded that Mr. Stephens had not shown the irreparable harm necessary to justify the preliminary injunctive relief requested in his TRO supplement.

Over Mr. Stephens's objection, the district court adopted the magistrate judge's recommendation in full and denied the TRO motion. The court added that although Mr. Stephens attempted to narrow the requested relief in his objection, he still had not met the requirements of § 3626(a)(2).

As stated, we construe the order denying the TRO motion as one denying a motion for preliminary injunctive relief. We review the denial of preliminary injunctive relief for abuse of discretion. *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). "A district court abuses its discretion when it commits an error of law or makes clearly erroneous factual findings," and "[o]ur review of the district court's exercise of discretion is narrow." *Id.* (internal quotation marks omitted).

> To obtain a preliminary injunction, the movant must show: "(1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harms that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Id.* "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) (brackets and internal quotation marks omitted). As a pro se litigant, Mr. Stephens's legal filings are entitled to a liberal

- 7 -

construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In his opening appellate brief, Mr. Stephens posits that, as a pro se litigant, he was unable to craft a more narrowly drawn request for relief. He also argues that his request for preliminary injunctive relief was not moot, and in any event the exception to mootness for cases capable of repetition yet evading review applies here, apparently because he allegedly has been subject to a string of transfers designed to interfere with access to his legal materials by virtue of a DOC restriction on the volume of such materials a prisoner may take when transferred. He further complains that the district court should have construed his TRO motion "as alleging retaliatory DOC system-wide unconstitutional actions, rather than incorrectly limiting the scope of review only to [his] residence at the filing time of the Complaint." Aplt. Opening Br. at 9.

We disagree with Mr. Stephens on all counts. First, the focus of his original TRO request was on access to his legal materials at WSKCC. That request was undoubtedly mooted by his transfer to the John Lilley Correctional Center. "[T]he constitutional mootness doctrine focuses upon whether a definite controversy exists throughout the litigation and whether *conclusive relief* may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) (emphasis added) (internal quotation marks omitted). A

preliminary injunction directed at WSKCC prison officials would not have provided any "conclusive relief" because Mr. Stephens was no longer housed there.[1]

Furthermore, the exception for cases capable of repetition yet evading review is inapplicable to Mr. Stephens's original TRO motion or his supplement to it. In part, Mr. Stephens's insistence that this exception to mootness applies to his case appears to be based on his misinterpretation of the magistrate judge's recommendation as denying the TRO motion as moot in its entirety. Although the magistrate judge did at first state that "[t]he Court should consider the [TRO] motion as one for a preliminary injunction and deny relief based on mootness," R. at 532, he later found only the initial request regarding Warden Vaughn and the WSKCC to be moot, *id.* at 533-34. In any event, the exception "is a narrow one," and "outside of the class-action context," it requires the movant to show that "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" and that "*there is a reasonable expectation that the same complaining party will be subjected to the same action again.*" *Jordan*, 654 F.3d at 1034-35 (emphasis added) (alterations and internal quotation marks omitted)). As to the original TRO motion, Mr. Stephens has made no showing of a "reasonable expectation" that he would be

---

[1]     Although Mr. Stephens complains that defendants did not meet their burden of showing mootness, it appears the magistrate judge took up the issue of mootness sua sponte, which is entirely permissible. *See Harris v. Ill.-Cal. Exp., Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982) ("Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties.").

subject to the same conduct at the WSKCC. Therefore, the exception to mootness for cases capable of repetition yet evading review does not apply to his original motion. And to the extent Mr. Stephens's reliance on this exception to mootness hinges on his allegations that his transfers were retaliatory, those allegations were conclusory and therefore insufficient to show a reasonable expectation that he would be subject to the same action in the future.

Next, we are unconvinced that Mr. Stephens's pro se status affected his ability to request appropriately tailored relief in his TRO supplement. Again, the requested relief was for the court to "issue a temporary restraining order and/or preliminary injunction to prevent [DOC] prison officials, under supervision of the Defendant(s), from taking actions that will result in irreparable harm to [his] right and ability to litigate actions before the Courts." R. at 116. In his objection to the magistrate judge's recommendation, Mr. Stephens argued that relief could be "narrowly drawn" to "recover [his] confiscated legal materials," "end prison-to-prison transfers and DOC one cubic foot legal material limit rules," "provide meaningful access to legal resources, tools, time access, relevant legal-related internet information," and "access to DOC procedures." *Id.* at 628. The district court did not abuse its discretion in finding that granting these purportedly narrowed requests still would have run afoul of the statutory requirements of 18 U.S.C. § 3626(a)(2) that preliminary injunctive relief in a civil action regarding prison conditions must be "narrowly drawn" and "the least intrusive means necessary to correct [the] harm." The problem lies not in

Mr. Stephens's abilities as a pro se litigant but in the fact that he continued to seek very broad preliminary injunctive relief based on conclusory allegations. The district court did not abuse its discretion in finding that such an order would have been overbroad and more intrusive than necessary.

Finally, the district court did not err in failing to construe Mr. Stephens's TRO motion "as alleging retaliatory DOC system-wide unconstitutional actions, rather than incorrectly limiting the scope of review only to [his] residence at the filing time of the Complaint." Aplt. Opening Br. at 9. The court did not limit the scope of review to what occurred at the WSKCC. Instead, it noted the two transfers and observed that Mr. Stephens had not alleged any problems at his current housing assignment. And as noted, the court struck the second supplement to Mr. Stephens's TRO motion, which substantially and, in the district court's view, impermissibly, broadened the scope of his original TRO motion. We see no error.

## IV. CONCLUSION

For the reasons stated, we **DISMISS** this appeal **IN PART** for failure to prosecute and **AFFIRM** the district court's denial of Mr. Stephens's TRO motion. We grant Mr. Stephens's motion to proceed on appeal without prepayment of fees or costs, and we remind him of his obligation to continue making partial payments until

his appellate filing fee is paid in full.  We deny Mr. Stephens's motion for appointment of counsel.

Entered for the Court

Wade Brorby
Senior Circuit Judge