**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 2, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY L. WALKER,

    Defendant - Appellee.

------------------------------

COLORADO SPRINGS FELLOWSHIP
CHURCH,

    Movant - Appellant.

No. 20-1037
(D.C. Nos. 1:15-CV-02223-CMA &
1:09-CR-00266-CMA-3)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MURPHY** and **PHILLIPS**, Circuit Judges.
_____

This is the most recent of several appeals stemming from litigation

surrounding a criminal matter involving a former member of Third-Party

Movant-Appellant Colorado Springs Fellowship Church (CSFC).  In this appeal,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

CSFC challenges the district court's orders granting CSFC only limited access to a hearing transcript (Access Order) and denying CSFC's motion to recuse the district court judge (Recusal Order). We dismiss the appeal of the Access Order for lack of jurisdiction and affirm the Recusal Order.

## Background

Our decision in the first appeal involving this litigation details the relevant background, *see United States v. Walker*, 761 F. App'x 822, 826-29 (10th Cir. 2019), so we need not repeat it here. We do, however, provide the following abbreviated version as context for our consideration of the issues before us.

The underlying case is a proceeding under 28 U.S.C. § 2255 brought by Gary L. Walker, a former member of CSFC, challenging his conviction of conspiracy to commit mail fraud arising out of a business CSFC members operated. As relevant here, his § 2255 motion claimed he received ineffective assistance of counsel at sentencing. After an evidentiary hearing, the district court granted that portion of the motion, concluding Walker's sentencing counsel (Gwendolyn Lawson) operated under a conflict of interest because CSFC's pastor (Pastor Banks) dictated counsel's strategy. The court then vacated Walker's prior sentence and resentenced him.

At Walker's request, the district court restricted access to the transcript of his § 2255 hearing. The court later unsealed the portion of the transcript containing Lawson's testimony, but it denied CSFC's motion to unseal the entire transcript, concluding that releasing it was likely to result in CSFC members harassing and threatening Walker and former CSFC members who testified at the hearing. In

2

*Walker*, we held that the district court abused its discretion in denying the motion because it "did not adequately account for the strong presumption in favor of public right of access to judicial records and did not narrowly tailor its orders restricting access to the transcript." 761 F. App'x at 826. In particular, we noted it was not apparent why Walker's interest in not being harassed and threatened was advanced by restricting access to the testimony of Joshua Lowther, who, with Lawson, served as counsel for Walker and several codefendants, and the testimony of the process server who served process on Lawson. *Id.* at 836-37. We did not order the district court to unseal the transcript but vacated its order and remanded the matter to the district court with directions to consider the appropriate legal standard in deciding whether, and to what extent, to restrict access to the transcript. *Id.* at 838.

On November 21, 2019—about eleven months after we issued our decision in *Walker*—CSFC filed a motion in district court seeking the district court judge's recusal and reassignment of the matter to a different judge pursuant to 28 U.S.C. §§ 144 and 455. CSFC claimed the judge's delay in resolving the matter on remand and comments she made at Walker's resentencing hearing about CSFC and Pastor Banks reflected judicial bias against them. Those comments are summarized in *Walker*, 761 F. App'x at 827-28, and we do not repeat them here.

That same day (November 21), the district court issued the Access Order, unsealing the portions of the transcript containing statements the court made (other than those identifying witnesses) and the testimony of Lawson, Lowther, and the process server. The court denied CSFC's motion to unseal the remainder of the

3

transcript, however, finding it necessary to restrict access to the remaining witnesses' testimony based on concerns about CSFC's harassment of its former members.

Also on November 21, the court entered a separate minute order denying CSFC's recusal motion as moot, noting there was nothing left for the court to decide after it ruled on CSFC's motion to unseal the transcript. CSFC sought reconsideration of that order. On December 9, the court issued the Recusal Order, granting reconsideration but denying the recusal motion, holding that it was untimely and that the allegations of bias in the motion and Pastor Banks's supporting affidavit did not require the judge's disqualification.

## Discussion

### 1. Access Order

CSFC first challenges the Access Order, claiming the district court abused its discretion by denying CSFC's request to unseal the entire transcript. Because the appeal of that order is untimely, we lack jurisdiction to review it and therefore do not address CSFC's arguments.

The timely filing of a notice of appeal is a "jurisdictional threshold to appellate review." *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1274 (10th Cir. 2011) (internal quotation marks omitted). A post-judgment ruling on a non-party's motion for access to sealed court records is immediately appealable, either as a final order under 28 U.S.C. § 1291 or as a collateral order. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1426 (10th Cir. 1990) (holding that post-judgment order granting intervenors' motion for modification of protective order and for access to

4

sealed records was immediately appealable); *see also United States v. Pickard*, 733 F.3d 1297, 1300-01 & n.2 (10th Cir. 2013) (recognizing that district courts have continuing jurisdiction to enforce sealing orders and to grant access to sealed documents "even if the case in which the documents were sealed has ended," and concluding that post-judgment orders regarding sealed records may be appealed in § 2255 proceedings without a certificate of appealability).  CSFC therefore had sixty days from the date the Access Order was entered to appeal it.  *See* Fed. R. App. P. 4(a)(1)(B)(i); *see also United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (recognizing that the sixty-day appeal period applies to orders entered in § 2255 proceedings).  The order was entered on November 21, 2019, so the deadline was January 21, 2020.  *See* Fed. R. App. P. 26(a)(1)(C) (providing that filing deadline that falls on a holiday is extended to the next court business day).  CSFC filed its NOA on February 7, 2020—seventeen days late—and while the appeal was timely as to the December 9 Recusal Order, it was untimely as to the Access Order.[1]

CSFC's failure to timely appeal the Access Order deprives us of jurisdiction to review it, and we cannot overlook jurisdictional defects.  *Raley*, 642 F.3d at 1278.  We thus do not reach the merits of CSFC's arguments and dismiss the appeal of the

---

[1] We note that the government raised this jurisdictional issue in its response brief, and although it is the appellant's burden to establish this court's jurisdiction, *Raley*, 642 F.3d at 1275, CSFC did not meaningfully address the timeliness issue in its reply brief.  And contrary to CSFC's suggestion, neither the fact that it did not gain access to the unsealed portions of the transcript until December 13 nor the fact that some of the evidentiary issues addressed in the Access Order and Recusal Order overlap affects the calculation of the deadline for appealing the Access Order.

Access Order.[2]  *See id.* at 1278-79 (dismissing untimely appeal for lack of jurisdiction).

## 2. Recusal Order

CSFC claims the district court erred by denying its recusal motion as both untimely and insufficient to establish judicial bias.  We disagree.

We review the denial of motions seeking disqualification of a judge under §§ 144 and 455 for an abuse of discretion.  *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (per curiam).

A motion to recuse must be filed as soon as the movant learns of the facts demonstrating the basis for disqualification.  *Id.*; *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (recognizing that a "motion to recuse . . . must be timely filed" (internal quotation marks omitted)).  Granting such a motion "many months after an action has been filed wastes judicial resources and encourages manipulation of the judicial process."  *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1029 (10th Cir. 1988) (per curiam).

Disqualification is required both when a judge has "a personal bias or prejudice" against a party, § 144; *see also* § 455(b)(1) (same), or when presiding over the case would create an appearance of bias, *see* § 455(a).  Recusal for an appearance of bias is required when "sufficient factual grounds exist to cause an objective

---

[2] In light of our conclusion that the appeal of the Access Order is untimely, we need not address the government's alternative jurisdictional challenge based on CSFC's failure to designate the Access Order in its notice of appeal.

6

observer reasonably to question the judge's impartiality." *Cooley*, 1 F.3d at 992. The party seeking a judge's disqualification must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). Because this standard is an objective one, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.*

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and when, as here, the movant does not allege an extrajudicial source of bias, adverse rulings rarely "evidence the degree of favoritism or antagonism required" to disqualify the judge. *Liteky v.United States*, 510 U.S. 540, 555 (1994); *see also Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (internal quotation marks omitted)). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the . . . proceedings" are not a basis for disqualification "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

We find no abuse of discretion in the district court's determination that CSFC's motion was untimely. The motion sought recusal primarily based on comments the judge made about CSFC and Pastor Banks at Walker's June 2017 resentencing hearing. At the latest, CSFC became aware of those comments in late January 2019, when we described them in *Walker*. *See* 761 F. App'x at 827-28. But

7

CSFC did not file its motion until eleven months later, and it did not even acknowledge, much less attempt to justify, its delay in seeking the judge's disqualification based on those comments. Nor did CSFC explain why it waited so long to seek recusal based on what it perceived as the judge's delay in ruling on its motion to unseal the transcript on remand. CSFC was plainly aware of both the judge's comments and her failure to rule long before it filed its recusal motion. Indeed, it filed a petition for a writ of mandamus in July 2019—over four months before it filed the recusal motion—raising the exact same concerns and asking this court to direct that the district court case be reassigned to another judge for a ruling on the motion to unseal the transcript. Under these circumstances, the district court did not abuse its discretion when it determined that CSFC's recusal motion was untimely. *See Green*, 108 F.3d at 1305 (motion filed five weeks after magistrate judge issued recommendation reflecting alleged bias was untimely); *Willner*, 848 F.2d at 1029 (motion filed ten months after discovery of alleged bias was untimely); *Hinman*, 831 F.2d at 938 (motion filed three and five months after movant discovered allegedly disqualifying facts was untimely).

We also find no abuse of discretion in the district court's determination that the motion and supporting affidavit alleged insufficient facts to warrant disqualification. First, despite CSFC's efforts to show bias by highlighting the various ways in which it disagrees with the substance of the district court's ruling on its motion to unseal the transcript, adverse rulings do not establish bias. *See Green*, 108 F.3d at 1305; *see also Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 744-45

8

(10th Cir. 2005) (denying request to assign different district judge on remand based on adverse rulings, concluding that claim that judge's "'track record' in this case would ca[u]se a reasonable person to question whether justice was being done in this case" amounted to dissatisfaction with the court's legal rulings).

Second, contrary to CSFC's contention, nothing in the record suggests that the judge "bas[ed] her rulings on her own perception of how a Christian should behave," Aplt. Br. at 53, or that her "decisions directly related to her opinions" about CSFC and Pastor Banks, *id.* at 54 n.16. True, the judge's comments at the resentencing hearing and her observations in the Access Order and Recusal Order about the conduct of CSFC members during and after Walker's trial reflect a negative opinion about how CSFC and Pastor Banks treated Walker and how they conducted themselves throughout the proceedings. But the judge did not make those comments and observations in a vacuum. Walker argued at resentencing that he had been under the undue influence of CSFC and Pastor Banks when he committed the underlying offense. Their conduct vis-à-vis Walker was thus directly relevant to the court's sentencing decision, and its observations about the degree of control they held over him were based on testimony and other evidence presented at the habeas and resentencing hearings. Their harassment of and retaliation against him and their conduct during his trial were also relevant to issues before the court, including whether CSFC and Pastor Banks should have access to the transcript. With one exception—the remark questioning whether they espoused values consistent with Christianity—the judge's comments were findings based on the evidence. The fact

9

that the evidence might have left her "ill disposed toward" CSFC and Pastor Banks was not a basis for disqualification "since [her] knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and [were] . . . necessary to completion of the judge's task." *Liteky*, 510 U.S. at 551-52 (also noting that it is "normal and proper for a judge to sit in the same case upon its remand"). And that one remark, while arguably inappropriate, was not disqualifying because when read in context it would not cause a reasonable person to doubt the judge's impartiality.

We acknowledge CSFC's supplemental authority—an order issued by the same district court judge sua sponte recusing herself from presiding over a defamation suit CSFC, Pastor Banks, and her sons brought against two former CSFC members. But that order was issued ten months after entry of the Recusal Order in a case involving people who are not parties to the litigation at issue here, and the order does not explain the factual basis for the decision to recuse. Accordingly, that order does not undermine our conclusion that the judge did not abuse her discretion by declining to recuse herself in this case.

### 3. Motions to Supplement the Record on Appeal

CSFC and Walker both filed motions seeking to supplement the record with materials that were not before the district court. All documents filed in the district court are part of the record available for our review. *See* Fed. R. App. P. 10(a). Rule 10(e) allows for correction and modification of the record to ensure that it "truly discloses what occurred in the district court," *id.* R. 10(e)(1), and permits

10

supplementation with material items omitted or misstated in the record. But it does not allow parties to supplement the record with documents not before the district court in an effort to "build a new record." *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (internal quotation marks omitted). CSFC and Walker are no doubt aware of that rule given our denial in *Walker* of their motions to supplement the record with documents that were not part of the district court record. *See* 761 F. App'x at 832. And neither has shown that the new materials present the "rare exception" to that rule. *See Kennedy*, 225 F.3d at 1192 (recognizing our "inherent equitable power to supplement the record" exceeding the power provided in Rule 10(e) but declining to exercise it). We thus deny both motions.

## Conclusion

We dismiss the appeal of the district court's November 21, 2019 order denying CSFC's motion for access to the entire transcript, affirm the December 9, 2019 order granting reconsideration but denying CSFC's motion to recuse, and deny CSFC's and Walker's motions to supplement the record.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

11