20-2199-cv
*Windward Bora, LLC v. Yoo Mi Min*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-two.

PRESENT:  Dennis Jacobs,
                      Richard C. Wesley,
                      Steven J. Menashi,
                              *Circuit Judges.*

_____

IT CERTIFIED USA, INC.,

          *Appellant*,

WINDWARD BORA, LLC

          *Plaintiff-Counter-Defendant*,

          v.                                                                No. 20-2199-cv

YOO MI MIN, JI YOUN MIN, BOARD OF MANAGERS OF 1600 BROADWAY ON THE SQUARE CONDOMINIUM,

*Defendants-Counter-Claimants-Appellees*.*

_____

| | |
|---|---|
| *For Appellant*: | David M. Namm, David M. Namm, P.C., Mineola, NY. |
| *For Defendants-Appellees*: | Dong Sung Kim, Kim Choi & Kim, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the appeal is **DISMISSED.**

Plaintiff Windward Bora commenced a foreclosure action in the U.S. District Court for the Southern District of New York against Defendants-Appellees Yoo Mi Min, Ji Youn Min, and Board of Managers of 1600 Broadway on the Square Condominium. The district court granted the motion of the defendants-appellees

---

* The Clerk of Court is directed to amend the caption as set forth above.

for summary judgment, and Appellant It Certified USA, Inc. appeals that judgment.

We lack jurisdiction over this appeal. The amended notice of appeal names It Certified as the party seeking appellate review, but It Certified is not a party to this case. *See* Fed. Rule App. Proc. 3(c) ("The notice of appeal shall specify the party or parties taking the appeal."). Although Windward Bora notified the district court that it had transferred its loan to It Certified, at no point did It Certified seek to substitute itself for Windward Bora as the party-plaintiff under Federal Rule of Civil Procedure 25(c).[1] Windward Bora, not It Certified, was therefore the party entitled to appeal from the district court's order granting summary judgment. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."); *West v. Radio-Keith-Orpheum Corp.*, 70 F.2d 621, 624 (2d Cir. 1934) (L. Hand, J.) ("[I]f not a party, the putative appellant is not concluded by the decree, and is not therefore aggrieved by it.").

---

[1] As the district court informed It Certified, Federal Rule of Civil Procedure 25(c) provides the "procedure for substitution of parties." Letter to Counsel at 1, *Windward Bora v. Yoo Mi Min*, No. 20-CV-01133 (S.D.N.Y. June 11, 2020), ECF No. 31.

Naming the proper party in the notice of appeal, and doing so in a timely fashion, form a "single jurisdictional threshold" to appellate review. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988). Because It Certified has not met that threshold requirement, we lack jurisdiction over this appeal. "[W]e have no appeal from a named party in this case," and "the failure to name the proper party taking the appeal, within the time allotted by Rule 4, can and will result in the dismissal of an appeal for lack of appellate jurisdiction." *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1274-75 (10th Cir. 2011) (Gorsuch, J.) (internal quotation marks and alteration omitted).

For the foregoing reasons, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4